

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AP-75,219

NOAH ESPADA, Appellant

v.

THE STATE OF TEXAS

Appeal of Case 2004-CR-3638 of the
379th Judicial District Court of
Bexar County

*WOMACK, J., filed a dissenting opinion, in which JOHNSON, J., joined.*

The Court holds (*ante*, at 15) that the trial court did not abuse its discretion in allowing the psychiatrist to offer an expert opinion on the probability that the defendant will commit future acts of dangerousness that will constitute a danger to society. The Court's opinion says that the fact that the psychiatrist "did not know his rate of error is not dispositive." *Id.*, at 18.

The fact that there seems to be no evidence at all, anywhere, of the reliability of these predictions of future dangerousness should be dispositive. "Now the ordinary rules of evidence require that evidence be reliable in order to be admissible. Reliability in the context of scientific

evidence requires scientific validity. It is doubtful that testimony about future dangerousness could withstand *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)] analysis."[1] We apply that analysis to psychiatrists' and psychologists' predictions of future dangerousness.[2]

The expert in this case said that the predictions could not be tested because the defendants "go to death row."[3] First, not all of them do; some are sentenced to life in prison. Second, those who do go to death row spend years in prison before they are put to death. It wouldn't be very hard to research how many persons convicted of capital murder committed acts of violence after being sentenced. It must always be remembered that the capital murderer who is not sentenced to death will be sentenced to prison for life without parole. So the relevant question is whether they will commit violent acts in prison.

Our laws permit people with communicable diseases to be quarantined. The laws are based on scientific research that has shown that, without quarantining, the diseases will be spread. Before we accept an opinion that a capital murderer will be dangerous even in prison, there should be some research to show that this behavior can be predicted.

I respectfully dissent.

Filed November 5, 2008.
Do Not Publish.

---

[1] Erica Beecher-Monas & Edgar Garcia-Rill, "The Law and the Brain," 1 *Journal of Appellate Practice & Process* 243, 274 (1999).

[2] *Russeau v. State*, 171 S.W.3d 871, 883–84 (Tex. Cr. App. 2005).

[3] *Ante*, at 17.